IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD RODRIGUEZ-ISONA,** | : | **CIVIL ACTION NO. 1:08-CV-0403** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **GOVERNOR EDWARD G. RENDELL and JEFFREY A. BEARD,** | : | |
| Respondents | : | |

**ORDER**

AND NOW, this 17th day of April, 2008, upon consideration of the report of the magistrate judge (Doc. 5), recommending that the petition be dismissed as frivolous and malicious, to which objections were filed (Doc. 9), and, following an independent review of the record, it appearing that "[t]he abusive practice of prisoners filing baseless liens and/or UCC financing statements for the purpose of harassment and credit impairment of the alleged debtor (almost always a state or federal official involved with securing the prisoner's incarceration) is well documented," Hudson v. Caruso, No. 05-0032, 2007 WL 2363308, at *5 (W.D. Mich. Aug. 16, 2007); see also Monroe v. Beard, No. 05-4937, 2007 WL 2359833, at *2-3 (E.D. Pa. Aug. 16, 2007) (providing a concise explanation of commercial law schemes and redemption theory), and the court finding that the petition in the

instant case qualifies as just such an abusive practice,[1] and that the petition is, therefore, frivolous and malicious, see 28 U.S.C. § 1915(e)(2)(B)(i) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious."), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 5) is ADOPTED.

2. The claims against defendants Governor Edward G. Rendell and Jeffrey A. Beard are DISMISSED. See 28 U.S.C. § 1915(e)(2)(B)(i).

3. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

4. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] Petitioner sent respondents a "Tacit Agreement" which states that failure to respond will constitute acquiescence to a judgment against them and in favor of petitioner in the amount of fifty million dollars. The petition seeks enforcement of this supposed "Tacit Agreement." (See Doc. 1.)